BaRNEy, J.,
delivered the opinion of the court:
The questions for decision in this case arise upon the demurrer of the defendants to both the original and the amended petition filed herein. The reason for considering these demurrers separately will appear hereafter.
The original petition was filed by Weighel and its aver-ments are substantially as follows: He entered into a contract with the Postmaster General for wagon service for carrying the mails in the city of Chicago from July 1, 1895, to June 30, 1899. Immediately before the execution of said contract there were in existence four street railway mail routes known and designated by numbers which are given, and which were then carrying the mails from the city post office, each to a different station in said city. It is further alleged that at the same time there were in existence some eight mail substations in said city, and that previous to November 14,1895, the mail sent out from the city post office to these mail substations had been carried by the employees of the city post office; and likewise that the mail taken to and from the stations and railroad routes mentioned prior to said time had been carried by the city post-office employees. On the 14th of November, 1895, and at various dates thereafter he was compelled by the Government under his contract to carry the mails above mentioned as having been theretofore carried by the city post-office employees, and that said service was performed under protest.
*530 It is further averred that by the terms of the advertisement for bids for the said contract for carrying mails the petitioner was instructed to make inquiries of the postmaster at Chicago for information relative to the service and its requirements; and that before entering into the contract he had made such inquiries and had been informed by said postmaster that said service so performed under protest would not be required. Also that he had made inquiries of the contractor who had had a like contract for the wagon service in the city of Chicago immediately before him regarding the requirements of said service and learned from him that he had been requested to perform the said service during the period of his contract and had refused to comply on the ground that it was not within the terms of his contract, and upon such refusal he had not been required to perform the same, but that the department had performed it with its own employees.
Copies of the contract, advertisement, and instructions to bidders above referred to are attached to and made a part of the Weighel petition, and, of course, must be consulted to determine the issue raised by the demurrer.
Without entering into a detailed discussion of the different provisions of the contract, we think the case at bar comes within the principle laid down by the decision of this court in the case of Utah & California Stage Co. v. United States (39 C. Cls., 420), and that the petition states a cause of action.
We desire to call attention to one averment of the petition which, though somewhat vague, seems to us to be very material in the decision of this demurrer, and that is the averment as to the construction given by the defendants to a contract for the same service entered into and completed immediately before the contract in the case at bar. It is alleged in the petition that the plaintiff “learned” of these facts from such prior contractor. If we take this statement as an averment that the facts were as thus “ learned ” (and we think the liberal rule as to the construction of pleadings upon demurrer requires us to do so) it seems to us that it brings this case within the decision of the Supreme Court in the *531 case of Cebellos & Co. v. United States (214 U. S., 47) reversing this court (42 Ct. Cls., 318). It was there held that where a contract requires construction, a “ previous contract between the parties [relating to the same subject matter] * * * and the construction which obtained in the execution thereof may serve within proper limitations to throw light upon the construction of the contracts here involved.” It iá true that in that case the contract thus construed was between the same parties, while in the case at bar one of the parties only is the same; but we see no difference in the principle involved. It is a question as to the construction of the somewhat doubtful terms of a contract with the Government, and the construction given by it to a contract in the same terms for the same service will certainly throw light upon the construction of the contract under consideration.
The Government’s attorney calls our attention to the fact that it appears from a report of the Post Office Department that at the time of the execution of the contract with the plaintiff the work under it had been decreased from what it was immediately previous. This fact, however, does not appear from the pleadings and can not be considered upon demurrer.
For the reasons stated, the demurrer to the petition of William Weighel is overruled.
We will next consider the demurrer to the petition of Ezra J. Travis. Before the Weighel suit was ever brought to trial, and on August 6,1907, the present claimant, Ezra J. Travis, filed a motion in the Weighel case asking leave to file an. amended petition in that case, which motion was on the same day allowed, “ subject to objection by the Attorney General or anyone in interest.” Travis, on the same day, filed the petition under consideration, in which is set out substantially the same facts as contained in the Weighel pe-' tition in reference to the mail contract, extra services, etc., above mentioned. In addition thereto he alleges that on February 6, 1895, he entered into a subcontract with Weighel, by the terms of which he agreed, for $70,000 per annum, to carry out the said mail contract which Weighel had entered into with the Government, and that he fully performed all *532 of the mail service therein required, as well as all of the extra service for which the suit was brought by Weighel. He further alleges that Weighel declined to have suit brought in his own name for such extra sendees except upon the condition that the same should be brought at the sole expense of the claimant, Travis, and that after beginning this suit and before the filing of the amended petition Weighel had died. He prays judgment in his own name for the compensation for the extra services rendered under said contract, being the sum of $52,327.
From the foregoing statement it will be seen that in substance the petitioner Travis seeks to be substituted for the petitioner Weighel, to recover upon the same cause of action set out in the original petition. As before stated, the defendants have demurred both to the original petition of Weighel and the amended petition of Travis.
The demurrer now under consideration is what is usually denominated a general demurrer in terms, but in addition to contending that the petition does not state facts sufficient to constitute a cause of action in favor of either Weighel or Travis, it is contended by the Government that whatever claim Travis may at one time have had under the averments of the amended petition it is now barred by the statute of ■limitations. As our view of that question settles it in favor of the Government, it is unnecessary to consider any other ■feature of the demurrer.
Whatever claim may have ever existed against the Government growing out of extra services performed under the mail contract set out in the petition belonged to either Weighel, the orignal contractor, or to Travis, the subcontractor; it could not have belonged to them jointly. If it belonged to Weighel it is unnecessary to say that that fact puts Travis out of court; if it belonged to Travis we do not see how, after the lapse of more than six years from the date it accrued, he' can evade the statute of limitations by asking-leave to be substituted as plaintiff in the case of Weighel, for, as before stated, that is the substance of what is asked for in the amended petition.
We are well aware of the tendency of modem legislation, as well as the practice of the courts, to favor the allowance *533 of amendements to pleadings when necessary to effectuate substantial justice, and certainly there is no court in this country where amendments are more generously allowed than this; but this can hardly be called an amendment and certainly is not an appeal .to the court for leniency in allowing the correction of a mistake in pleading. The effect of the proposed amendment is to bring an entirely new suit in this court in the name and for the benefit of a new party plaintiff. We know of no authority for allowing an amendment for any such purpose, with the ulterior object of avoiding the statute of limitations.
It is a misnomer to call it an amended petition, because, in effect, it is asking the court to allow the petitioner, Travis, to be substituted as party plaintiff for Weighel.
We can see no difference in principle nor in legal aspect in this case than if Weighel had brought a suit in a court of competent jurisdiction upon a promissory note and failed to bring it to trial within the period of the statute of limitations, and, while pending, and after the expiration of the period- of the statute of limitations, Travis should come in and ask leave to amend the pleadings so as to make him party plaintiff, alleging that the promissory note was always his property.
The demurrer to the amended petition is sustained, and said petition is hereby dismissed.
Howry, J., was not present when this case was heard and took no part in its decision.